IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 5, 2018 Session

## IN RE ESTATE OF WILLIAM T. MILLER

**Appeal from the General Sessions Court for Monroe County**
**No. 2016-131     Dwaine Thomas, Judge**

_____

### No. E2018-00751-COA-R3-CV

_____

The administrator of an estate appeals the trial court's grant of a claim against the estate for the payment of funeral expenses. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR. and THOMAS R. FRIERSON, II, JJ., joined.

Clifford E. Wilson, Madisonville, Tennessee, for the appellant, Kelly L. Morton, Administrator of the Estate of William T. Miller.

Stephen M. Hatchett, Athens, Tennessee, for the appellee, Elizabeth Plemons.

**OPINION**

## I.     BACKGROUND

William Thomas Miller ("Decedent") died intestate on September 28, 2016, at the age of 74. He was married to Polly Miller at the time. This was their second marriage to each other that began one day prior to his death. Their first marriage lasted approximately nine years. Following their first divorce, Decedent and Elizabeth Plemons ("Claimant") entered into a 20-year friendship that was romantic in nature for a period of time. Claimant also assisted Decedent in his finances. In 2014, Decedent, with the help of Claimant, executed a graded benefit whole life insurance policy in the amount of $10,000 after he was diagnosed with leukemia. The policy bore his signature and identified Claimant as the beneficiary. Her relationship to Decedent was listed as a "friend" in the policy documents.

Following Decedent's death, Claimant used the life insurance proceeds to pay the majority of the funeral expenses. Claimant's relationship with Decedent's family then deteriorated, prompting her to file a claim against the estate, valued in excess of $200,000, for her payment of the funeral expenses.[1] Kelly L. Morton ("Administrator"), Decedent's daughter who also served as the administrator of the estate, filed an exception to the claim and alleged as follows:

1.      That [Claimant] had a fiduciary relationship with [Decedent] for years, including handling [his] business affairs . . . and writing the vast majority of his checks.

2.      That [Decedent] procured a life insurance policy which was payable to [Claimant] in the amount of [$10,000] for the express purpose of paying all or most of his funeral expenses, the premiums of which were paid from [Decedent's] account, which arrangement was verified by [Claimant] following the death of [Decedent].

3.      That it was only after a dispute arose as between [Claimant] and [Decedent's family] that [she] decided to make a claim against the estate even though she had, in fact, paid the proceeds of the life insurance to [the funeral home] as per Decedent's instructions.

The case proceeded to a hearing, at which Decedent's children asserted that Claimant informed them of the policy and its purpose and then submitted the proceeds to the funeral home. Claimant denied ever stating that the life insurance policy was purchased to pay for funeral expenses. Mrs. Miller testified that Decedent was capable of handling his business affairs but preferred to allow other people to take care of those tasks. She stated that Claimant held a power of attorney to pay his bills but never introduced a document establishing the same. She asserted that Claimant advised her that Decedent procured a life insurance policy to pay funeral expenses but that she was not sure if the policy had matured. She stated that Claimant later informed her that it had matured and was valued at $10,000. She recalled that Claimant "always said that she didn't need any money and didn't want anything from [Decedent] and that [the policy] was to pay [Decedent's] funeral bill."

Claimant acknowledged that she was named as personal representative in a will that was never executed by Decedent. She explained that his children objected to his signing of the will. She could not remember whether she advised Decedent's children that the insurance policy at issue was for the purpose of paying funeral expenses. She

---

[1] A flurry of litigation ensued between Claimant and Decedent's family. Those matters are not at issue in this appeal.

admitted that she used the proceeds of the policy to pay the funeral expenses but denied that the policy was a "burial policy." She provided that the insurance company sent an advertisement for a whole life policy and that she and Decedent each executed a policy. She claimed that the policy at issue was the only policy Decedent executed.

Shannon Austin, Decedent's daughter, confirmed that Claimant managed Decedent's checking account and payment of bills. She asserted that Claimant informed her of the policy and advised her that the policy was procured to pay Decedent's funeral expenses. She claimed that she did not manage Decedent's finances because he was "very set in his ways and very controlling" and adamant that Claimant continue managing his finances. She also referred to him as "stubborn."

Administrator, who is a licensed attorney, testified that she prepared a power of attorney for Decedent in which Claimant was authorized to act in Decedent's stead. She further stated,

> [Claimant] acted in that capacity even without a power of attorney. That was the only way that she added her name to a separate account to pay bills is because she acted for years without a power of attorney. And then she said she told him one day that she was tired of not having anything, that she could get in trouble writing bills, especially out of [his bank] because her name [was not on the account]. So she had a power of attorney drawn up herself then, which it did expire in August of 2015, and that's when my dad asked me to prepare a new one to allow [Claimant] to continue to have power of attorney to take care of his bills.

However, she could not produce the document evidencing Claimant's power of attorney.[2] She stated that Claimant also maintained his bank statements and other important documents and would not even provide Decedent with a copy of his own paperwork.

Administrator asserted that the policy at issue was always intended to function as a burial policy. She explained,

> That was the whole intention of the policy is so that – my sister passed away years ago and my dad did not want us to have the burden of having to pay for his funeral. That was the whole purpose of the policy.

She asserted that Claimant also advised her and others of the policy and its intended use.

---

[2] She acknowledged that she also held and had exercised a power of attorney for Decedent's medical affairs prior to his death.

Following the hearing, the trial court denied the exception and granted the claim, holding that Claimant was entitled to the proceeds of the policy upon Decedent's death and that the policy itself did not contain any contractual obligations or designations of reservations concerning the use of the proceeds. This timely appeal followed.

## II.    ISSUES

We consolidate and restate the issues raised on appeal as follows:

A.    Whether this appeal should be dismissed for failure to follow the Tennessee Rules of Appellate Procedure.

B.    Whether the trial court erred in denying the exception and granting the claim.

## III.    STANDARD OF REVIEW

This case was tried by the court without a jury. On appeal, the factual findings of the trial court are accorded a presumption of correctness and will not be overturned unless the evidence preponderates against them. Tenn. R. App. P. 13(d). The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

In this case, it is necessary to construe the insurance policy. The interpretation of written agreements is a matter of law to be reviewed de novo on the record according no presumption of correctness to the trial court's conclusions of law. *See Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999). The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn. 2011).

## IV.    DISCUSSION

### A.

As a threshold issue, Claimant asserts that Administrator has waived review of this appeal for failure to cite any applicable authorities or citations to the record in support of the claim for relief. She further asserts that the inclusion of a letter sent to the trial court in the appendix to the brief was also in violation of the applicable rules and procedures because it was not contained in the technical record. Lastly, she claims that

Administrator alleges the existence of a confidential relationship in support of her argument on appeal, an issue not raised or considered by the trial court.

Contrary to Claimant's assertion, Administrator's brief is compliant with Rule 27 of the Rules of Appellate Procedure, which provides that all arguments must contain "citations to the authorities [in support of the request for relief] and appropriate references to the record." Tenn. R. App. P. 27(a). The inclusion of the document not contained within the technical record is also compliant with Rule 24(g) of the Tennessee Rules of Appellate Procedure, which provides as follows:

> Nothing in this rule shall be construed as empowering the parties or any court to add to or subtract from the record *except insofar as may be necessary to convey a fair, accurate and complete account of what transpired in the trial court with respect to those issues that are the bases of appeal*.

(Emphasis added.). The record reflects that the court directed the parties to file written arguments for the court's consideration of the issues and that the court received such arguments and considered them in making its decision. The document submitted by Administrator is the argument she presented and the court considered. Finally, we hold, as alleged by Claimant, that Administrator's exception to the claim relied upon the fiduciary nature of the relationship, a per se confidential relationship established by an alleged power of attorney, and not a confidential relationship, which requires evidence of dominion and control. Issues not raised and considered by the trial court must be waived on appeal.[3] *Fayne v. Vincent*, 301 S.W.3d 162, 171 (Tenn. 2009) (citations omitted).

B.

Administrator argues that the court should have granted the exception and denied the claim in light of Claimant's fiduciary relationship with Decedent at the time the policy was executed. Administrator agrees that Claimant was entitled to collect the proceeds but asserts that Claimant, as Decedent's fiduciary, was then required to remit payment of the funeral expenses with the proceeds as anticipated by Decedent.

Our review of the policy does not reveal any such designation or requirement. *Bourland, Heflin, Alvarez, Minor & Matthews, PLC v. Heaton*, 393 S.W.3d 671, 676 (Tenn. Ct. App. 2012). ("Where the contract's language is clear and unambiguous, the agreement is to be given effect according to its terms, and 'the court will interpret the

---

[3] In the event of further appellate review, we note that the record does not support a finding of a confidential relationship when Decedent was described as "stubborn," "controlling," and "very set in his ways." Further, he refused to sign a will that identified Claimant as the personal representative.

contract's terms by assigning language its ordinary meaning and without resort to extrinsic evidence.'"). Administrator also failed to produce the power of attorney she claimed established the existence of the fiduciary relationship. Accordingly, we hold that Claimant was not beholden to any fiduciary duty to remit the proceeds of the policy as payment of the funeral expenses. We affirm the court's denial of the exception and grant of the claim.

## V.    CONCLUSION

We affirm the decision of the trial court and remand for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Kelly L. Morton, Administrator of the Estate of William T. Miller.

_____
JOHN W. McCLARTY, JUDGE